# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|                          |   |                          |
|--------------------------|---|--------------------------|
| TRAVELODGE HOTELS, INC., | : |                          |
|                          | : |                          |
| Plaintiff,               | : | **OPINION**              |
|                          | : |                          |
| v.                       | : | Civ. No. 13-cv-03719 (WHW) |
|                          | : |                          |
| MINESH PATEL,            | : |                          |
|                          | : |                          |
| Defendant.               | : |                          |

**Walls, Senior District Judge**

Defendant Minesh Patel moves for dismissal of the Plaintiff's Complaint. Under Federal Rule of Civil Procedure 78(b), this motion is decided without oral argument. For the reasons that follow, the motion to dismiss is DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Travelodge Hotels, Inc. ("THI") alleges it entered into a License Agreement with Maha Laxmi, Inc. ("Maha Laxmi"), formerly a defendant in this action, on or about April 22, 2004 whereby Maha Laxmi, as licensee, was to operate a 117 room establishment at 6101 Wattsburg Road, Erie, Pennsylvania 16509 as a Travelodge guest lodging facility for 15 years. ECF No. 1, Compl. ¶¶ 8-9; Ex. A. The License Agreement provided that Maha Laxmi was to make certain periodic payments to THI (the "Recurring Fees"). Compl. ¶ 10. It also required Maha Laxmi to submit monthly reports to THI detailing the revenue Maha Laxmi had generated for purposes of

calculating the Recurring Fees and to maintain accurate financial records, which THI could examine, audit, and copy. *Id.* ¶¶ 12-13.

The License Agreement also provided that THI could terminate the License Agreement, upon notice to Maha Laxmi, for several reasons, including Maha Laxmi's failure to pay THI an amount due under the License Agreement, failure to remedy any other default under the License Agreement within 30 days' notice of such default by THI, and receipt of two or more notices of default within any one-year period. *Id.* ¶ 14. In the event THI terminated the License Agreement in accordance with its provisions, the agreement provided for liquidated damages in the amount of $1,000.00 per room at the establishment. *Id.* ¶¶ 15-16. The License Agreement also required the non-prevailing party to pay costs and attorneys' fees incurred in enforcing its provisions. *Id.* ¶ 17. Finally, the License Agreement contains a choice of law clause requiring that it "be governed by and construed under the laws of the State of New Jersey, except for its conflicts of laws principles." Ex. A § 17.6.1.

THI also submits that Defendant Minesh Patel executed a Guaranty of Maha Laxmi's obligations under the License Agreement. Compl. ¶ 20; Ex. C. THI alleges that by this Guaranty Patel agreed to "immediately make each payment and perform or cause Licensee to perform, each unpaid or unperformed obligation of Licensee under the [License] Agreement." *Id.* ¶ 21. This Guaranty also required Patel to pay costs and attorneys' fees incurred by THI in enforcing its provisions or those of the License Agreement. *Id.* ¶ 22. THI further alleges that it entered into an addendum to the License Agreement with Maha Laxmi on or about August 6, 2010 (the "Connectivity Addendum"). *Id.* ¶ 18; Ex. B. The Connectivity Addendum provided for liquidated damages in the event of its termination in accordance with a formula specified therein. Compl. ¶ 19.

THI alleges it notified Maha Laxmi of several defaults under the License Agreement from September 2006 through February 2012. *Id.* ¶¶ 23-27; Exs. D-H. On April 12, 2012, THI terminated the License Agreement and demanded payment from Maha Laxmi for liquidated damages under the License Agreement and Connectivity Addendum in the amount of $120,292.00 and outstanding Recurring Fees. Compl. ¶ 28; Ex. I.

On June 17, 2013, THI filed a Complaint in this Court against Maha Laxmi and Patel alleging the foregoing facts and seeking, as to Maha Laxmi: (1) an accounting of all revenue derived from its operation of the establishment; (2) liquidated damages in the amount of $120,292.00; (3) in the alternative, actual damages for breach of the License Agreement; (4) Recurring Fees in the amount of $182,389.05 or the equivalent amount on a theory of unjust enrichment; and (5) interest, attorneys' fees, and costs. Compl. ¶¶ 29-51. The Complaint also demands these same amounts in liquidated or actual damages, Recurring Fees, interest, attorneys' fees, and costs from Patel under the Guaranty. *Id.* ¶¶ 52-55.

On June 18, 2013, THI voluntarily dismissed the Complaint without prejudice against Maha Laxmi only. ECF No. 4, Notice of Dismissal Without Prejudice. THI then served a summons on Patel on July 1, 2013. ECF No. 6.

On June 22, 2013, Patel filed a *pro se* Motion to Dismiss. ECF No. 7, Mot. to Dismiss. Patel asserts, in relevant part, that THI "dismissed [the] Complaint against Maha Laxmi, Inc.," THI's claims against Maha Laxmi "are the subject of bankruptcy proceedings before the United States Bankruptcy Court for the Western District of Pennsylvania," THI's claims against Patel are "subject to the adjudication of Maha Laxmi's obligation to THI," any liability Patel may have to THI is "subject to the out of come [*sic*] of Maha Laxmi's bankruptcy proceedings," and so the action is "premature." *Id.* ¶¶ 1-2, 4, 6-7. Patel also "denies the validity of the Guaranty." *Id.* ¶ 5.

3

In response, THI argues that Patel is independently liable for breach of the Guaranty, and so his liability is not subject to the outcome of Maha Laxmi's bankruptcy proceedings. ECF No. 9, Letter from Bryan P. Couch, Aug. 2, 2013. THI also asserts that, to the extent Patel's motion can be construed as a request to extend a bankruptcy stay arising from Maha Laxmi's proceedings to cover this action, such an extension is unwarranted under 11 U.S.C. § 362(a) (2012).

Patel replies that "the alleged Guaranty . . . is for the unpaid or unperformed obligation of Maha Laxmi, Inc.," and reiterates that this "obligation . . . is the subject of bankruptcy proceedings." ECF No. 11, Reply ¶¶ 1-2. Patel argues that the "Bankruptcy Court has the power and duty to reject and discharge Travelodge's Franchise Agreement, and <u>all</u> obligations of this executory contract and related damages." *Id.* ¶ 3. He states that the case should be dismissed because "[t]his will invalidate all claims of Travelodge against me." *Id.* pg. 2.

**STANDARDS OF REVIEW**

As a preliminary matter, the Court notes that the Motion to Dismiss, submitted *pro se*, is not entirely clear as to the specific grounds it relies upon for dismissal. Although Federal Rule of Civil Procedure 7(b) requires that motions "state with particularity the grounds for seeking the order," Fed. R. Civ. P. 7(b), "courts have generally given a liberal interpretation to th[is] requirement." *Harkins v. Ford Motor Co.*, 437 F.2d 276, 276 n.1 (3d Cir. 1970). The Motion to Dismiss contains three plausible requests for relief: (1) a motion to dismiss under Federal Rule of Civil Procedure 12(b)(7) for failure to join a party under Rule 19; (2) a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted; and (3) a request for an extension of a bankruptcy stay under 11 U.S.C. § 362(a).

### 1. Standard Under Federal Rule of Civil Procedure 12(b)(7)

Under Federal Rule of Civil Procedure 12(b)(7), a defendant may move to dismiss an action for failure to join a party under Rule 19. That rule, which "governs joinder of necessary and indispensable parties," *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 844 F.2d 1050, 1053 (3d Cir. 1988), consists of two parts. "Rule 19(a) determines whether a party is a necessary party who should be joined in the action. If the answer to that first question is yes, then the court must do so if feasible. If the answer to the first question is no, however, then the inquiry need go no further." *Id.* at 1053-54. "[A] holding that joinder is compulsory under Rule 19(a) is a necessary predicate to a district court's discretionary determination under Rule 19(b) that it must dismiss a case because joinder is not feasible . . . and the party is indispensable to the just resolution of the controversy." *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 313 (3d Cir. 2007).

Rule 19(a) requires the joinder of a party who is "subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction" if either of two criteria are met:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). "Courts treat [these] clauses . . . in the disjunctive just as the rule phrases them." *Gen. Refractories Co.*, 500 F.3d at 312. Under the first clause, courts "ask whether complete relief may be accorded to those persons named as parties to the action in the absence of any unjoined parties," and the inquiry is limited to "whether the district court can grant complete relief to persons *already named* as parties to the action; what effect a decision may have on absent parties is immaterial." *Id.* at 313.

By contrast, under the second clause, "the court must decide whether determination of the rights of those persons named as parties to the action would impair or impede an absent party's ability to protect its interest in the subject matter of the litigation." *Id.* at 316. For a party to be necessary under Rule 19(a)(1)(B)(i), "it must be shown that some outcome of the federal case that is reasonably likely can preclude the absent party with respect to an issue material to the absent party's rights or duties under standard principles governing the effect of prior judgments." *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 409 (3d Cir. 1993). As for Rule 19(a)(1)(B)(ii), that the present party may be held liable in the action while the absent party might later be found not liable in a different action does not make that absent party necessary within the meaning of the rule. *Id.* at 411 ("[I]n this imperfect world, the district court's premise is contradicted by the law's refusal to consider the real possibility that one court could find Shepard Niles liable while another was finding Underwood not liable in separate proceedings to which the rules of claim or issue preclusion do not apply."); *Field v. Volkswagenwerk AG*, 626 F.2d 293, 301-02 (3d Cir. 1980) ("Nor . . . does the possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic, trigger the application of Rule 19.").

If a party is necessary under Rule 19(a) and cannot be joined, the court must decide under Rule 19(b) "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). In making this determination, the court may consider any prejudice that might result from the party's absence, whether there are effective means to lessen that prejudice, whether a judgment would be adequate without the necessary party, and whether the plaintiff would have an adequate remedy if the action were dismissed. *Id.*

### 2. Standard Under Federal Rule of Civil Procedure 12(b)(6)

On a motion to dismiss for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), the court is required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 306 (3d Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Thus, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Id.* at 563 n.8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

In evaluating the plaintiff's claims, the court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint. *See Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003); Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1357 at 299 (2d ed. 1990). "A 'document integral to or explicitly relied on in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 255 n.5 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

### 3. Standard for Extending Bankruptcy Stay Under 11 U.S.C. § 362(a)

The Bankruptcy Code contains a provision that stays

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1) (2012). "Although the scope of the automatic stay is broad, the clear language of section 362(a) stays actions only against a 'debtor.'" *McCartney v. Integra Nat. Bank N.*, 106 F.3d 506, 509 (3d Cir. 1997) (citations omitted). As such, it is "universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the . . . debtor." *Id.* at 509-10 (quoting *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir.1991) (internal citations omitted)).

The Third Circuit has observed that "courts have extended the automatic stay to nonbankrupt codefendants in 'unusual circumstances,'" *Id.* at 510, and in two situations in particular. Courts have extended the stay where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Id.* (quoting *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). "Courts have also extended the stay to nondebtor third parties where stay protection is essential to the debtor's efforts of reorganization." *Id.*

## DISCUSSION

Patel's Motion to Dismiss contains (1) arguments under Federal Rule of Civil Procedure 12(b)(7) for failure to join a party under Rule 19, (2) arguments under Federal Rule of Civil

Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and (3) a request for an extension of a bankruptcy stay under 11 U.S.C. § 362(a). These arguments are addressed in turn.

### 1. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(7)

Patel argues that the action should be dismissed because THI "dismissed [the] Complaint against Maha Laxmi, Inc.," THI's claims against Maha Laxmi "are the subject of bankruptcy proceedings before the United States Bankruptcy Court for the Western District of Pennsylvania," THI's claims against Patel are "subject to the adjudication of Maha Laxmi's obligation to THI," any liability Patel may have to THI is "subject to the out of come [*sic*] of Maha Laxmi's bankruptcy proceedings," and the action is consequently "premature." Mot. to Dismiss ¶¶ 1-2, 4, 6-7. As Patel's arguments focus on the effect that Maha Laxmi's absence may have on his rights and liabilities, they amount to an assertion that "in [Maha Laxmi's] absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A).

THI responds that Patel is "independently liable to THI for breach of a personal guarantee," and so "THI is not required to prove Maha Laxmi, Inc.'s liability before defendant's obligations are triggered." ECF No. 9. For support, THI points to the terms of the Guaranty, which states, "Upon default by [Maha Laxmi] and notice from [THI] [Patel] will immediately make each payment and perform or cause [Maha Laxmi] to perform, each unpaid or unperformed obligation of [Maha Laxmi] under the Agreement." *Id.*; Compl. Ex. C.

THI is correct. It is well established under New Jersey law that to recover on a guaranty of payment, a "plaintiff need do no more than show the existence of the debt and that the principal debtor has not paid. The fact that plaintiff did not properly pursue some agreed remedy as against the principal debtor, or did not pursue it at all, does not affect the right of recovery against the

guarantor." *Superior Fin. Corp. v. John A. McCrane Motors*, 184 A. 828, 828 (1936); *see also Salitan v. Magnus*, 145 A.2d 10, 13 (1958) ("The defendants concede that their undertaking is a guarantee of payment under which the plaintiffs have a right to proceed directly against them as sureties and cannot be compelled to first sue on the primary obligation."). THI's Complaint and supporting documents allege that Patel has guaranteed Maha Laxmi's obligations and that Maha Laxmi is in default on its payments. As such, the presence of Maha Laxmi is not necessary for this Court to "accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A).

Because the Court concludes that Maha Laxmi "is not a necessary party under Rule 19(a), [Maha Laxmi] cannot be an indispensable party under Rule 19(b)." *Koppers Co., Inc. v. Aetna Cas. & Sur. Co.*, 158 F.3d 170, 176 (3d Cir. 1998). Maha Laxmi's absence does not warrant dismissal under Rule 12(b)(7).

**2. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)**

Patel also argues for dismissal because he "denies the validity of the Guaranty." Mot. to Dismiss ¶ 5. However, this assertion does not meet Patel's burden of demonstrating that THI has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

THI has set forth a factual account of the interactions between the parties and submitted substantial documentary evidence to support its claims for relief, which this Court has considered. *Sentinel Trust Co.*, 316 F.3d at 216. The Complaint and supporting documents clearly constitute "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A bare denial of the Guaranty's validity, with no elaboration or support, goes to the issue of "whether a plaintiff will ultimately prevail," and does not affect this Court's conclusion that "the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550

U.S. at 563 n.8 (quoting *Scheuer*, 416 U.S. at 236). The Court denies Patel's request for dismissal under Rule 12(b)(6).

### 3. Request for Extending Bankruptcy Stay Under 11 U.S.C. § 362(a)

Patel's assertions that THI's claims against Maha Laxmi "are the subject of bankruptcy proceedings before the United States Bankruptcy Court for the Western District of Pennsylvania," THI's claims against Patel are "subject to the adjudication of Maha Laxmi's obligation to THI," any liability Patel may have to THI is "subject to the out of come [*sic*] of Maha Laxmi's bankruptcy proceedings," Mot. to Dismiss ¶¶ 2, 4, 6, and that this warrants dismissal because the bankruptcy proceedings involving Maha Laxmi "will invalidate all claims of Travelodge against [him]," Reply pg. 2, might also be construed as a request for an extension of a bankruptcy stay under 11 U.S.C. § 362(a).

In response, THI correctly argues that such a stay "may not be invoked by entities such as . . . guarantors . . . with a similar legal or factual nexus to the . . . debtor." ECF No. 9 (quoting *McCartney*, 106 F.3d at 509-10). As Patel is alleged to be Maha Laxmi's guarantor, he may not invoke the stay provision. Moreover, Patel has not asserted "unusual circumstances," *McCartney*, 106 F.3d at 510, which might allow this Court to consider granting a stay. As such, to the extent Patel's assertion can be construed as a request for a stay under § 362(a), the Court denies that request.

## CONCLUSION

Defendant Minesh Patel's Motion to Dismiss is DENIED.

August 27, 2013

**s/ William H. Walls**
United States Senior District Judge
